ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
STEFANI K. HEPFORD
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Stefani.Hepford@usdoj.gov
Attorneys for Plaintiff

FILED

2018 APR -4 PM 4: 17

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

CR18- 549TUC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Rey David Moreno-Vasquez,<br>(Counts 1, 2, 3, 4, 5, 6, 7)<br><br>Benito Barrios-Maldonado,<br>(Counts 1, 3)<br><br>　　　　　Defendants. | **I N D I C T M E N T**<br><br>(SEALED)<br><br>VIO: 21 U.S.C. § 846<br>(Conspiracy to Possess with Intent to Distribute Methamphetamine)<br>Count 1<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)<br>(Possession with Intent to Distribute Methamphetamine)<br>Counts 2, 3<br><br>18 U.S.C. § 1956(a)(1)(B)(i)<br>(Money Laundering)<br>Counts 4, 5, 6<br><br>18 U.S.C. § 1956(h)<br>(Conspiracy to Commit Money Laundering)<br>Count 7<br><br>18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1); 21 U.S.C. § 853<br>Forfeiture Allegation |

**THE GRAND JURY CHARGES:**

## COUNT 1

Beginning at a time unknown, to on or about August 30, 2017, at or near Tucson, in the District of Arizona, REY DAVID MORENO-VASQUEZ and BENITO BARRIOS-

MALDONADO did knowingly and intentionally combine, conspire, confederate and agree with each other and persons known and unknown to the Grand Jury, to possess with intent to distribute 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately 234 kilograms of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about March 15, 2017, at or near Benson, in the District of Arizona, REY DAVID MORENO-VASQUEZ did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately 88.75 kilograms of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT 3

On or about August 24, 2017, at or near Tucson, in the District of Arizona, REY DAVID MORENO-VASQUEZ and BENITO BARRIOS-MALDONADO did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately 146 kilograms of methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(viii); and Title 18, United States Code, Section 2.

## COUNTS 4-6

On or about the dates given below, in the District of Arizona, the defendant, REY DAVID MORENO-VASQUEZ, did knowingly conduct and attempt to conduct the following financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, conspiracy to possess and distribute methamphetamine in violation of Title 21, United States Code, Section 846; and possession

with intent to distribute and distribution of methamphetamine in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date of Transaction | Transaction | Dollar Amount |
|---|---|---|---|
| 4 | February 1, 2017 | Withdrawal from Wells Fargo Account No. xxxxxx3501 | $ 8,500.00 |
| 5 | March 10, 2017 | Withdrawal from Wells Fargo Account No. xxxxxx3501 | $ 5,000.00 |
| 6 | March 13, 2017 | Withdrawal from Wells Fargo Account No. xxxxxx3501 | $ 4,000.00 |

All in violation of Title 18, United States Code, Sections 2 and 1956(a)(1)(B)(i).

## COUNT 7

The allegations in Counts 4 through 6 are re-alleged and incorporated by reference as if set forth in full herein. Beginning at a time unknown, and continuing through on or about March 15, 2017, in the District of Arizona and elsewhere, the defendant REY DAVID MORENO-VASQUEZ, did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of a specified unlawful activity, that is, conspiracy to possess and distribute methamphetamine in violation of Title 21, United States Code, Section 846; and possession with intent to distribute and distribution of methamphetamine in violation of Title 21, United States Code, Section 841(a)(1), knowing that the

transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, those financial transactions alleged in Counts 4 through 6 of the indictment.

All in violation of Title 18, United States Code, Section 1956(h).

### FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts One through Three of this Indictment, defendants, REY DAVID MORENO-VASQUEZ and BENITO BARRIOS-MALDONADO, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, all right, title, and interest in (1) any property, real or personal, constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the said violations, and (2) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of the said violations.

The property to be forfeited includes, but is not limited to:

1. The real property known as and located at 1233 East Sunnyside Drive, Tucson, Arizona, with Pima County Assessor's parcel number 303-13-072A;
2. One 2007 Chevrolet Tahoe, VIN 1GNEC03067R420433; and
3. A sum of money equal to the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable.

Upon conviction of one or more of the offenses alleged in Counts Four through Seven of this Indictment, defendant, REY DAVID MORENO-VASQUEZ, shall forfeit to the United States pursuant to:

1. Title 18, United States Code, Section 982(a)(1), all right, title, and interest in any property, real or personal, involved in an offense of Title 18, United States Code, Section 1956, or any property traceable to such property; and

2. Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1956, and which constitutes or was derived from the proceeds traceable to a violation of Title 21, United States Code, Sections 841 and 846.

The property to be forfeited includes, but is not limited to: A sum of money equal to the amount of proceeds obtained as a result of the offenses, including but not limited to $17,500 in U.S. currency.

If any of the forfeitable property, as a result of any act or omission of the defendants: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by the defendants.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.

//
//
//
//

A TRUE BILL

/S/
———————————
Presiding Juror

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

/S/

Assistant U.S. Attorney

Dated: April 4, 2018

REDACTED FOR PUBLIC DISCLOSURE